FRED A. RISSER, Senate President Pro Tem. Chairman, SenateOrganization Committee
NORMAN C. ANDERSON, Speaker of the Assembly Member, AssemblyRules Committee
You state that a proposed constitutional amendment relating to internal improvements for transportation facilities was approved by a majority of each house of the 1973 and 1975 legislatures and then submitted to a vote of the people in April, 1975.
You further state that the election has been voided by the Dane County Circuit Court and that the order of the court has been appealed and stayed in part by the circuit court. *Page 43 
You therefore ask my opinion:
 "Is it now the duty of the current Legislature to prescribe a new date (November 1976) to resubmit the proposed amendment to the people as provided in Article XII, section I of the Wisconsin Constitution?"
Article XII, sec. 1, Wis. Const., requires the legislature ". . . to submit . . . proposed . . . amendments to the people in such manner and at such time as the legislature shall prescribe . . . ."
The question then is whether the legislature has already complied with this constitutional mandate by submitting the proposed amendment to the people in April, 1975.
In order to answer this question, it is necessary to determine the effect, if any, of the circuit court's order and of the appeal taken therefrom. That is, it is necessary to determine whether the order or appeal in any way nullifies the legislature's prior action, leaving it with a continuing duty to resubmit the proposed amendment to the people.
In State ex rel. La Follette v. Kohler (1930), 200 Wis. 518,549, 228 N.W. 895, 69 A.L.R. 348, it was held:
 ". . . In cases where . . . it [is] impossible to ascertain the true result of the election, there was held to be no election, or, as the phrase goes, `the election was held void.' . . ."
And, on page 550, id., the court held:
 ". . . The general feature of these laws is that . . . where a candidate for an office violates . . . the law his election thereto shall be void; that is, it shall be no election . . . ."
By voiding the April, 1975, transportation facilities referendum election, therefore, the court has declared that there was no election. In view of this, the legislature cannot, as yet, be said to have complied with the constitutional mandate to submit the proposed amendment to the people. The effect of the order voiding the election, therefore, is to nullify the legislature's previous submission of the proposed amendment to the people, leaving the legislature with a continuing duty to resubmit the proposed amendment to the people and to prescribe the manner and time of such submission. *Page 44 
As you indicate, an appeal to the Wisconsin Supreme Court has been taken from the whole of the circuit court's order, and a part of the order has been stayed by the circuit court. Specifically, the stay has been granted by the circuit court only of that part of the order relating to the destruction of paper ballots. The stay does not affect the order insofar as it voids the election. Therefore, it has no effect on the question of whether or not the legislature is obliged to resubmit the proposed amendment to the people.
The appeal, however, as indicated, has been taken from the whole of the order, including that part which voids the election.
In Slabosheske v. Chikowske (1956), 273 Wis. 144, 153,77 N.W.2d 497, the court held that, in the absence of positive statutory provisions to the contrary, an appeal perfected as the law requires, does by its own force stay proceedings under the order appealed from. However, the court also held that such a stay merely stays the proceedings of the court which made the determination sought to be reviewed and does not affect the order itself. Id. at 154.
The court in Slabosheske held that an appeal from a judgment of the circuit court, holding that a school district referendum election was valid, operated to stay the execution of the judgment of the trial court but that the appeal did not nullify the judgment.
Hence, although a stay has been effected in this case by the appeal itself, the stay does not nullify the order voiding the election but operates only against its enforcement; that is, it only prevents further proceedings in the subordinate court in the action in which the order was rendered. Slabosheske, supra, at 154; 4 Am. Jur. 2d, Appeal and Error, sec. 371, p. 845; 4A C.J.S., Appeal and Error, sec. 632, p. 431.
Furthermore, as stated in 4A C.J.S., Appeal and Error, id.,
 ". . . it is generally held that, as a . . . [stay] has the effect of merely staying proceedings without destroying the force and effect of the judgment and leaves the proceedings in the condition in which it finds them, a judgment, order, or decree which does not command or permit any act to be done, or is not of a nature to be actively enforced by execution or otherwise, but is self-executing, is not . . . [stayed] . . . ." *Page 45 
This general rule that self-executing orders cannot be stayed is applicable to orders in election contests. 4A C.J.S., Appealand Error, supra, at 433. As stated in 4 Am. Jur. 2d, Appeal andError, sec. 379, p. 850,
 "Where judgments of the court in an election contest are reviewable by appeal . . . the judgment is generally viewed as self-executing and therefore cannot be stayed . . . ."
Hence, the order of the circuit court voiding the April, 1975, transportation facilities referendum election is unaffected by the appeal and remains in full force and effect.
Therefore, it is my opinion that the legislature has a continuing duty, pursuant to Art. XII, sec. 1, Wis. Const., to resubmit the proposed constitutional amendment relating to internal improvements for transportation facilities to the people in such manner and at such time as the legislature shall prescribe.
I am not unmindful of the chance that the Supreme Court may either reverse the circuit court or find that the circuit court had no jurisdiction to act, in which case the April, 1975 election would be reinstated. However, I must base my advice on the facts as they currently exist and the legal precepts that govern under the current facts.
BCL:JJG